UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RAYMOND CLOUTIER

05 182T

VS. CA NO: 05-

WESTERN UNION EMPLOYEE BENEFIT FUND COMMITTEE As Administrator For Western Union Financial Services, Inc. Pension Plan, Alias; And WESTERN UNION FINANCIAL SERVICES, INC. PENSION PLAN, Alias

# COMPLAINT

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff RAYMOND CLOUTIER was, at all times pertinent, a beneficiary under the Western Union Financial Services, Inc. Pension Plan, Alias; (hereinafter Western Union Plan); a duly qualified employee benefit plans pursuant to 29 USC §1001 et. seq.

2. Defendant WESTERN UNION EMPLOYEE BENEFIT FUND COMMITTEE is and was, at all times pertinent the administrator for the Western Union Plan.

3. Defendant WESTERN UNION FINANCIAL SERVICES, INC. PENSION PLAN, Alias (hereinafter Administrator) is a duly qualified employee benefit plans pursuant to 29 USC §1001 et. seq.

4. Jurisdiction is conferred upon this court pursuant to 29 USC § 1132 (e).

5. On or about May 20, 1964 through July 24, 2001 plaintiff was an employee of Western Union Financial Services, Inc.

6. On or about January 24, 1990 Plaintiff was injured in a work-related accident and thereby became eligible for workers compensation benefits.

7. In accordance with the clear provisions of the Western Union Plan, plaintiff's service time and age accumulated during the period of his incapacity due to the work-related injury.

8. On or about July 24, 2001, plaintiff became eligible for certain retirement benefits known as Plan 80 benefits, as enumerated in the Western Union Plan, and inquired of the Plan Administrator information regarding his eligibility for retirement benefits so as to make an informed decision for an intent to retire.

9. Despite plaintiff's request, the Administrator refused to provide correct information concerning plaintiff's eligibility under the Plan, and as a result, plaintiff's right to receive certain benefits was impaired.

10. Plaintiff duly appealed the decision of the Administrator in accordance with the procedures established by the terms of the Western Union Plan.

11. On or about November 4, 2003 the Administrator issued a final decision allowing plaintiff eligibility under the provisions of the Plan 80 package, however, making the decision retroactive to October 16, 2003 instead of to July 24, 2001; the date plaintiff should have been deemed eligible.

12. Plaintiff has exhausted his administrative remedies.

COUNT I

13. Defendants' failure to include the Plan 80 retirement benefits retroactive to July 24, 2001 is in violation of the terms of said Western Union Plan, and in violation of their fiduciary duties imposed by the terms of said Plan.

14. As a result, plaintiff suffered a loss of income and compensation, and was otherwise harmed.

WHEREFORE, plaintiff requests that this honorable court award him judgment against defendants jointly and severally in such sums as to adequately compensate him for his losses, plus interest, costs, reasonable attorneys fees and such other relief as this court deems appropriate.

COUNT II

15. Plaintiff restates paragraphs one through fourteen as if fully set forth herein.

16. Defendants' failure to include the Plan 80 benefits retroactive to July 24, 2001 is in violation of the obligations and duties imposed on fiduciaries pursuant to 29 U.S.C. §1109.

17. As a result, plaintiff suffered a loss of income and compensation, and was otherwise harmed.

WHEREFORE, plaintiff requests that this honorable court award him judgment against defendants jointly and severally in such sums as to adequately compensate him for his losses, plus interest, costs, reasonable attorneys fees and such other relief as this court deems appropriate.

COUNT III

18. Plaintiff restates paragraphs one through fourteen as if fully set forth herein.

19. Defendants' refusal to include the Plan 80 benefits retroactive to July 24, 2001 is in violation of the obligations and responsibilities imposed on fiduciaries pursuant to 29 USC § 1109 in that the defendants, and each of them failed to exercise reasonable care to manage the assets of the aforesaid Plans.

20. As a result, plaintiff suffered a loss of income and compensation, and was otherwise harmed.

WHEREFORE, plaintiff requests that this honorable court award him judgment against defendants jointly and severally in such sums as to adequately compensate him for his losses, plus interest, costs, reasonable attorneys fees and such other relief as this court deems appropriate.

COUNT IV

21. Plaintiff restates paragraphs one through fourteen as if fully set forth herein.

22. Defendants' refusal to include the Plan 80 benefits retroactive to July 24, 2001 is arbitrary and capricious, and an abuse of its discretion.

23. As a result, plaintiff suffered a loss of income and compensation, and was otherwise harmed.

WHEREFORE, plaintiff requests that this honorable court award him judgment against defendants jointly and severally in such sums as to adequately compensate him for his losses, plus interest, costs, reasonable attorneys fees and such other relief as this court deems appropriate.

COUNT V

24. On or about July 24, 2001, plaintiff requested from The Administrator information about Plan benefits, and his eligibility for the same.

25. The information was of the type required to be furnished by the Administrator within thirty (30) days in accordance with 29 USC §1021.

26. Despite plaintiff's request, the Administrator refused to comply or to provide the requested information within thirty (30) days as is more particularly required by the terms of 29 USC §1021.

WHEREFORE, plaintiff requests that Defendant the Administrator be ordered to provide the information as requested, that it be fined $100.00 for each day of noncompliance after the initial thirty (30) day period, that it be ordered to pay costs, and reasonable attorney fees, and that this Court order such other relief as it deems meet and just.

PLAINTIFF

By his Attorneys,
Law Office of Mark B. Morse

MARK B. MORSE, Esq.
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937