UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND CLOUTIER,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN UNION EMPLOYEE BENEFIT FUND COMMITTEE, and WESTERN UNION FINANCIAL SERVICES, INC., PENSION PLAN,<br><br>Defendant. | Civil Action No. 05-182T |

**ANSWER**

Defendants Western Union Employee Benefit Fund Committee (the "Committee") and Western Union Financial Services, Inc. Pension Plan (the "Plan") hereby Answer Plaintiff Raymond Cloutier's Complaint (the "Complaint") as follows:

1. Defendants admit that Plaintiff was a beneficiary under the Plan. Further answering, Defendants state that the phrases "at all times pertinent," and "a qualified benefit plan pursuant to 29 U.S.C. § 1001 et seq." state conclusions of law as to which no response is required; Defendants therefore deny the remainder of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that the Committee has been delegated the responsibilities of administering the Plan and is thereby the administrator of the Plan. The Plan document, including the Summary Plan Description, which conveys this delegation, is attached at Exhibits 1 and 2. Further answering, Defendants state that the phrase "at all times pertinent" states a conclusion of law as to which no response is

required; Defendants therefore deny the remainder of the allegations contained in Paragraph 2 of the Complaint.

3. Defendants state that the allegation contained in Paragraph 3 of the Complaint states a legal conclusion as to which no response is required.

4. Defendants state that Paragraph 4 of the Complaint states a legal conclusion as to which no response is required.

5. Defendants admit that Plaintiff began employment with Western Union Financial Services, Inc. ("Western Union") on May 20, 1964. Defendants deny that Plaintiff was an employee "through July 24, 2001." Further answering, Defendants state that Plaintiff repeatedly informed Western Union and the Committee that his employment had not terminated as of July 24, 2001 and that, subsequent to July 24, 2001, he asserted that: (1) he "was never terminated from the [c]ompany"; (2) he "never received notice of termination"; (3) he was "an active employee"; (4) his "employment status ha[d] not been terminated"; (5) although he was "absent on account of an on the job accident disability, [he] ha[d] not experienced a break in service and [was] not terminated"; and (6) the absence of a "notice of termination indicate[d] that [he was] still in [Western Union Financial Services, Inc.'s] employment to this day." Correspondence from Plaintiff reflecting these assertions is attached hereto at Exhibit 6 (Nov. 11, 2002 letter from Cloutier to Western Union); Exhibit 8 (April 24, 2003 letter from Cloutier to Western Union); and Exhibit 11 (July 22, 2003 letter from Cloutier to Committee).

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny that Plaintiff's service time and age accumulated during

the period of his incapacity due to the work-related injury in accordance "with the clear provisions" of the Plan. Further answering, Defendants state that the Plan, which is attached at Exhibit 1, sets forth "rules of determining a participant's term of employment," which provide that "only the first 12 months of any [leave of absence] shall be included in a Participant's Term of Employment." Exhibit 1 at § 2.03. Further answering, the Committee determined on September 3, 2003 that Plaintiff's "term of employment" for Plan purposes ended on January 24, 1991, twelve months after he begain a leave of absence due to his disability. *See* Exhibit 12 at p.3. Subsequent to that decision, Plaintiff provided additional information to the Committee and asserted that, even if his years of service for Plan purposes ended as of January 24, 1991, his age should still continue to count (and accrue) for purposes of calculating a "Class 80" Plan pension because his employment had not been terminated. *See* Exhibit 13. Defendants deny that there is a "clear provision of the [Plan]" that addresses this issue and state that, pursuant to Plaintiff's additional request, the Committee granted Plaintiff's appeal and determined that he was entitled to a Class 80 pension under the Plan. *See* Exhibit 14.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint. Further answering, Defendants state that the July 24, 2001 "inquiry" referenced in Paragraph 8 of the Complaint is attached as Exhibit 3.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants state that the phrase "duly appealed the decision of the Administrator" refers to an unspecified "decision"; Defendants therefore deny the allegations contained in Paragraph 10 of the Complaint. Further answering, Defendants

state that subsequent to receiving the July 24, 2001 "inquiry" referenced in Paragraph 8 of the Complaint – which asserted that Plaintiff was "entitled by contract for recall to his former position," – Western Union requested that Cloutier provide "the proper documentation that proves he is no longer on workers compensation and is physically qualified to return to work," but did not receive that information. *See* Exhibit 4 (July 11, 2002 letter from Western Union to Cloutier); Exhibit 5 (Sept. 6, 2002 letter from Western Union to Cloutier); Exhibit 7 (Nov. 22, 2002 letter from Western Union to Cloutier). Plaintiff wrote to Western Union on April 24, 2003 and stated that his employment had not been terminated and that he, therefore, should be eligible for a Class 80 Pension under the Plan. *See* Exhibit 8. In response, Western Union informed Plaintiff that it was "incumbent upon [him] to contact and arrange for the payment of [his] pension benefit," and also determined that, because "only the first 12 months" of a leave of absence was "included in a Participant's term of employment" under the Plan, he had not qualified for a Class 80 pension. *See* Exhibits 9 and 10 (May 16, 2003 letter from Western Union to Cloutier and July 8, 2003 letter from Western Union to Cloutier). Defendants admit that Plaintiff "duly appealed" that decision on July 22, 2003 and state that the letter reflecting that appeal is attached as Exhibit 11. In response to that appeal, the Committee considered, and denied, Plaintiff's claim for a Class 80 pension. *See* Exhibit 12 (Sept. 3, 2003 letter from Committee to Cloutier). Defendants admit that Plaintiff also "duly appealed" that decision and, in doing so, provided information about an employee who, ten years earlier, had his age continue to accrue for the purpose of Class 80 pension eligibility calculations while he was collecting workers' compensation benefits. Exhibit 13 (Sept. 8, 2003 letter from Cloutier to Pierce).

11. Defendants admit that on November 4, 2003, the Committee issued a final decision allowing plaintiff eligibility under the provisions of the "Plan 80 package." Defendants deny the allegation that the decision was "retroactive to October 16, 2003," and state that the Committee determined that Plaintiff's termination from employment was effective October 17, 2003 and that, pursuant to the Plan, Plaintiff's Class 80 pension would "commence, at the very earliest, as soon as administratively possible following termination of employment." Exhibit 14 (Nov. 4, 2003 letter from Committee to Cloutier). Defendants deny the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants state that the allegation contained in Paragraph 12 of the Complaint consists of a legal conclusion as to which no response is required; Defendants therefore deny that allegation.

**COUNT I**

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Coplaint. Further answering, Defendants state that Plaintiff is not entitled to any of the relief that he seeks through Count I of the Complaint.

**COUNT II**

15. Defendants restate and incorporate by reference their answers to Paragraphs 1-14, above.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the

Complaint. Further answering, Defendants state that Plaintiff is not entitled to any of the relief that he seeks through Count II of the Complaint.

**COUNT III**

18. Defendants restate and incorporate by reference their answers to Paragraphs 1-17, above.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint. Further answering, Defendants state that Plaintiff is not entitled to any of the relief that he seeks through Count III of the Complaint.

**COUNT IV**

21. Defendants restate and incorporate by reference their answers to Paragraphs 1-20, above.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint. Further answering, Defendants state that Plaintiff is not entitled to any of the relief that he seeks through Count IV of the Complaint.

**COUNT V**

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the

Complaint. Further answering, Defendants state that Plaintiff is not entitled to any of the relief that he seeks through Count V of the Complaint.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff fails, in whole or in part, to state a claim for which relief can be granted.

Second Affirmative Defense

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

Third Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of waiver.

Fourth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of laches.

Fifth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

Sixth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

Respectfully submitted,

PAUL V. CURCIO (#1965)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Telephone: (401) 274-7200
Fax: (401) 751-0604/351-4607

Kenneth W. Salinger
Sean M. Becker
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Fax: (617) 239-0817

Dated: June 17, 2005

CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed via regular mail to the following attorneys of record: Mark B. Morse, Esq., 420 Angell Street, Providence, RI 02906, on this 17 day of June, 2005.