UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAYMOND CLOUTIER,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN UNION EMPLOYEE BENEFIT FUND COMMITTEE, and WESTERN UNION FINANCIAL SERVICES, INC., PENSION PLAN,<br><br>Defendant. | ) | Civil Action No. 05-182T |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**

Plaintiff hereby objects to Defendants' Motion to Dismiss the Complaint or, in the alternative, for Judgment on the Pleadings. In support of his Objection, Plaintiff relies on the attached Memorandum of Law. For the reasons set forth in Plaintiff's Memoradum of Law, this Court should deny the Defendants' Motion to Dismiss or, in the alternative, for Judgment on the Pleadings.

Respectfully submitted,
Law Office of Mark B. Morse

MARK B. MORSE
RI Bar Reg. No. 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937

**CERTIFICATOIN**

I hereby certify that an accurate and true copy of the within was mailed to the following attorneys of record on the 18 of July, 2005:

Paul V. Curcio, Esq.
Adler Pollack & Sheehan PC
2300 Bank Boston Plaza
Providence, RI 02903

Kenneth W. Salinger, Esq.
Sean M. Becker, Esq.
Palmer & Dodge LLP
111 Huntingdon Avenue at Prudential Center
Boston, MA 02199

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND CLOUTIER,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN UNION EMPLOYEE BENEFIT FUND COMMITTEE, and WESTERN UNION FINANCIAL SERVICES, INC., PENSION PLAN,<br><br>Defendant. | Civil Action No. 05-182T |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**

**STATEMENT OF FACTS**

The Plaintiff, Raymond Cloutier ("Mr. Cloutier"), began working for Western Union on May 20, 1964. On January 24, 1990, Mr. Cloutier sustained a work-related injury and became eligible for workers' compensation benefits, which he settled on February 22, 2000. On July 24, 2001, Mr. Cloutier contacted Western Union about being reinstated to the position he held before his receiving his injury and, additionally, Mr. Cloutier requested information about his pension eligibility. (Complaint at ¶ 8). Western Union denied Mr. Cloutier's request for reinstatement, and, although acknowledging receipt of Mr. Cloutier's request for information regarding his pension eligibility (Answer at Exhibit 6), Western Union failed to send Mr. Cloutier information required under ERISA. (Complaint at ¶ 9).

Through these communications, Mr. Cloutier learned that Western Union's files falsely indicated that he had been terminated on January 28, 1992, (Answer at Exhibit 7). Mr. Cloutier had never received any notice of termination. (Answer at Exhibit 7, 9, 12). Based upon this erroneous termination date, Western Union denied Mr. Cloutier's request for pension benefits. (Answer at Exhibit 11). This decision was contrary to earlier representations made by Western Union to Mr. Cloutier that he was, indeed, eligible for pension benefits. (Answer at Exhibit 12).

Mr. Cloutier appealed the decision denying him his pension benefits to Defendant Western Union Employee Benefits Fund Committee (the "Committee"). On review, the Committee denied Mr. Cloutier's appeal. On a subsequent appeal, however, the Committee held on October 16, 2003, that Mr. Cloutier was, indeed, entitled to receive pension benefits. In so holding, however, the Committee arbitrarily held that Mr. Cloutier's date of termination would be October 17, 2003, thereby entitling him to retroactive benefits to that date only. (Answer at Exhibit 15).

The date of October 17, 2003 finds no support in the record. The Committee arbitrarily chose October 17, 2003, and has ever since been unable to justify that date has having any support in the record.

## ARGUMENT

I. THE COMMITTEE'S DECISION AWARDING MR. CLOUTIER BENEFITS RETROACTIVELY AS OF OCTOBER 17, 2003 WAS ARBITRARY AND CAPRICIOUS BECAUSE IT IS UNSUPPORTED BY ANY EVIDENCE IN THE RECORD.

This Court should hold that the Committee's decision awarding Mr. Cloutier benefits retroactively as of October 17, 2003 was arbitrary and capricious because the date of October 17, 2003 is unsupported by any evidence in the record. Even when a plan grants its administrator discretionary authority, a court should not uphold an administrator's decision if it is "arbitrary,

capricious, or an abuse of discretion." *Wright v. R.R. Donnelly & Sons Co. Group Benefits Plan*, 402 F.3d 67, 74 (1st Cir. 2005). A Court should look to "whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily." *Twomey v. Delta Airlines Pension Plan*, 328 F.3d 27, 31 (1st Cir. 2003). In this case, the aggregate evidence, or lack thereof, supports a rational determination that the Committee acted arbitrarily in setting a date of October 17, 2003.

An administrator's decision should be upheld only if it "is reasoned and supported by substantial evidence." *Gannon v. Metro Life Ins. Co.*, 360 F.3d 211, 213 (1st Cir. 2004). Thus, the test of reasonableness, advocated for in the Defendant's Memorandum, is whether there is substantial evidence to support the administrator's decision. Substantial evidence must be "reasonably sufficient to support a conclusion." *Wright*, 402 F.3d at 74.

Substantial evidence, to be "reasonably sufficient to support a conclusion," must be found in the record. *See Boardman v. Prudential Ins. Co. of America*, 337 F.3d 9, 15 (1st Cir. 2003) ("supported by substantial evidence in the record"); *Sullivan v. Raytheon Employees Disability Trust*, 262 F.3d 41, 50 (1st Cir. 2001) (same); *Vlass v. Raytheon Employees Disability Trust*, 244 F.3d 27, 30 (1st Cir. 2001) (same); *Doyle v. Paul Revere Life Ins. Co.*, 144 F.3d 181, 184 (1st Cir. 1998) (same). *See also Massey v. Stanley-Bostitch, Inc.*, 255 F.Supp.2d 7, 10-11 (D.R.I. 2003) (support for dates used to calculate "credited service"); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 450 (6th Cir. 2003) (support for date of plaintiff's termination); *Whitehead v. Oklahoma Gas & Elec. Co.*, 187 F.3d 1184, 1186 (10th Cir. 1999) (support for dates of appellants' reemployment).

In the present case, there is nothing in the record to support the Committee's conclusion that Mr. Cloutier's termination took effect on October 17, 2003. The date chosen by the Committee--October 17, 2003--is nowhere to be found in the record. The only logical conclusion

to be drawn, therefore, is that the Committee's decision to choose October 17, 2003 as the date of Mr. Cloutier's termination was completely arbitrary. Accordingly, because the Committee's decision fails under the "arbitrary and capricious" standard of review, the Court should not uphold the Committee's arbitrary decision.

## II. COUNTS II AND III REPRESENT SEPARATE AND DISTINCT CAUSES OF ACTION BECAUSE THEY SEEK INDIVIDUAL EQUITABLE, AS OPPOSED TO LEGAL, RELIEF.

An individual "may bring suit for equitable relief for breach of fiduciary duty under ERISA's so-called 'catch all' provision," 29 U.S.C. § 1132(a)(3). *Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 109-110 (1st Cir. 2002). Section 1132(a)(3) provides, in relevant part, that "a civil action may be brought . . . by a participant . . . to obtain . . . appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan." Pursuant to § 1132(a)(3), Counts II and II of the Complaint seek individual equitable relief for breach of fiduciary duty.

### A. A breach of fiduciary duty claim seeking individual equitable relief is a separate and distinct cause of action from a claim for benefits seeking legal relief.

Counts II and III seek equitable relief in the form of restitution, whereas Counts I and IV seek legal relief in the form of damages. Equitable relief "includes 'those categories of relief that were typically available in equity (such as injunctions, mandamus, and *restitution*, but not compensatory damages).'" *Larocca v. Borden*, 276 F.3d 22, 28 (1st Cir. 2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)) (emphasis added). "Although both damages and restitution may remedy the same injury, '[d]amages differs from restitution in that damages is measured by the plaintiff's loss; restitution is measured by the defendant's unjust gain.'" *Id.* (quoting Dan B. Dobbs, *Law of Remedies* § 3.1, at 208 (2d ed. 1993)). Thus, in Counts I and IV, Mr. Cloutier seeks damages to compensate him for his loss of benefits. However, in Counts II

and III, Mr. Cloutier seeks equitable restitution to the extent that the Plan was unjustly enriched by the Committee withholding from him benefits owed to him. Therefore, to the extent that those sums may differ (e.g., interest collected on the benefits withheld from Mr. Cloutier that would not be recoverable by Mr. Cloutier as damages), Mr. Cloutier states actionable claims in Counts II and III.

B. The Plan is a proper party defendant because Mr. Cloutier is not suing on behalf of the Plan; rather, he is suing the Plan for restitution.

A Plan may be a proper party defendant in an ERISA action; "ERISA contemplates actions against an employee benefit plan and the plan's fiduciaries. With narrow exception, however, ERISA does not authorize actions against nonfiduciaries of an ERISA plan." *Terry v. Bayer Corp.*, 145 F.3d 28, 35 (1st Cir. 1998). The Defendants' cite *Reich v. Rowe*, 20 F.3d 25 (1st Cir. 1994) and *Boucher v. Williams*, 13 F.Supp.2d 84 (D.Me. 1998) (citing *Brennan v. Consolidated Rail Corp. Matched Savings Plan*, 2000 WL 327664, *3 (E.D. Pa. 2000)), for the proposition that the Plan is not a proper defendant; however, those cases are inapplicable to this case. *Reich* held only that the Secretary could not bring a suit against a plan consultant because the plan consultant was a nonfiduciary. *Boucher* is likewise inapplicable because it held only that a plan is not a proper defendant in an action brought under 29 U.S.C. § 1132(a)(2), actions brought on behalf of a plan. Actions brought under 29 U.S.C. § 1132(a)(3), seeking individual equitable relief like the present case, however, may name a plan as a proper defendant. *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997). Mr. Cloutier is not suing on behalf of the Plan; rather, Mr. Cloutier is suing the Committee and the Plan for individual equitable relief. Accordingly, the Plan is an appropriate defendant to Counts II and III.

III. COUNT V STATES AN ACTIONABLE CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE IT ALLEGES FACTS SUFFICIENT TO SUPPORT A LEGALLY COGNIZABLE ACTION.

29 U.S.C. § 1132 provides that a civil action may be brought for an administrator's failure to comply with a request for information. On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court "must accept as true the factual allegations of the complaint, construe all reasonable inferences therefrom in favor of the plaintiffs, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any congnizable theory of the case." *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

29 U.S.C. § 1025(a) provides that:

> Each administrator of an employee pension plan shall furnish to any plant participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information --
>
> (1) the total benefits accrued, and
>
> (2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.

Thus, 29 U.S.C. § 1025(a) requires (1) a written request for information, and (2) receipt by an administrator. Mr. Cloutier alleges both a written request and receipt by the Committee.

A. <u>Mr. Cloutier sent a written request</u>.

Mr. Cloutier maintains that he sent a request for information, and, indeed, a representative of the Plan confirmed receipt by denying Mr. Cloutier's eligibility for a Class D (disability) pension. (Defendant's Exhibit 6). However, a representative of the Plan never sent Mr. Cloutier the statutorily prescribed materials within the statutorily prescribed timeframe. (Complaint at ¶ 26). Although the Defendants characterize Mr. Cloutier's request for information as a claim for benefits, the nature of Mr. Cloutier's correspondence is in dispute. The Court should permit Mr. Cloutier to develop facts that support his claim that his correspondence was, in fact, a request for information. Accordingly, the Court should deny the Defendants' motion to dismiss.

B. <u>Mr. Cloutier alleges receipt by the Committee of his request for information</u>.

Mr. Cloutier's complaint alleges receipt by the Committee of his request for information. (Complaint at ¶ ). If proved, this fact would justify recovery by Mr. Cloutier under 29 U.S.C. § 1132, *see Romero v. SmithKline Beecham*, 309 F.3d 113, 119 (3d Cir. 2002), because the Committee is the designated plan administrator. (Answer at Exhibit 1). Under *Romero*, it is unncessary for Mr. Cloutier to have addressed his request to the Committee; it is necessary only that the Committee received his request. *See id.* The Court should permit Mr. Cloutier to develop these facts through discovery. Accordingly, the Court should deny the Defendants' motion to dismiss Count V.

## CONCLUSION

For the foregoing reasons, this Court should deny the Defendants' Motion to Dismiss.

Respectfully submitted,
Law Office of Mark B. Morse

MARK B. MORSE
RI Bar Reg. No. 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed to the following attorneys of record on this 18 day of July, 2005:

Paul v. Curico, Esq.
Adler, Pollack & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Kenneth W. Salinger, Esq.
Sean M. Becker, Esq.
Palmer & Dodge, LLP
111 Huntingdon Avenue at Prudential Center
Boston, MA 02199